## WILLIAM S. ELLERY *versus* THE MERCHANTS' INSURANCE COMPANY.

By the terms of a policy of insurance the underwriters were not to be liable for a par tial loss on grain, &c., unless the damage should happen by stranding or bilging. In a hurricane the ship was thrown on her beam ends and in consequence of excessive straining her seams opened, whereby a great quantity of water was let into the ship, but no fracture was made in her bottom. *Held,* that this was not a bilging, within the meaning of the policy.

Whether what constitutes a bilging be a question of law or of fact, *quære.*

THIS was an action of assumpsit on a policy of insurance, underwritten by the defendants, on property on board the ship Panther.   One question in the case was, whether the damage done to the property was occasioned by the ship's *bilging,* so as to make the defendants liable for a particular average, within the meaning of the following clause in the

Ellery
*v.*
Merchants'
Ins. Co.

47

printed part of the policy, viz. " And it is further agreed be tween the parties, that the assurers are not liable for any par tial loss on salt, grain, hemp, flax, fish, fruit, hides, skins, or other goods that are esteemed perishable in their own nature, but the owners of such shall recover on a general average, and on a particular average when the damage happens by stranding or bilging, provided such damage amount to seven per cent."

In some depositions used at the trial it was stated, that the ship, laden with a cargo of wheat, hides, and tallow, encountered a tremendous hurricane, which threw her on her beam ends, by which she strained excessively in the larboard waist and bilge, lost her main and mizen masts, fore-topmast, and rudder, and with the water admitted into the ship by thus straining and also down the mast-coats and companion way, the after part of which was stove in, she righted with six and a half feet water in the hold, having remained about ten minutes on her beam ends. The cargo was greatly shifted and damaged on the larboard side. After the ship righted, the spars got under her bottom, so that they could not be cleared away for several hours, and thumped under her stern, so as to take off a number of sheets of copper, and one plank in the counter was almost stove through by the spars striking against it, whereby a considerable quantity of water was let into the vessel; and the bilge and water-way seams were opened by the straining of the ship, whereby a great quantity of water was let in. The ship leaked but little after the wreck of the spars was cleared away.

*March* 16th.     *T. Welsh,* for the plaintiff, contended that any accidental injury to the bottom of a ship from the perils of the sea, by which water is let in, is a bilging. The intention of the policy in enumerating certain perishable articles, was to draw a distinction between damage arising from the nature of the articles and sea damage. For the meaning of the word *bilge* he referred to the Dictionaries of Skinner, Bailey, Kenrick, Sher idan, Johnson, and others, to the Cyclopædias of Rees and Nicholson, and to the case of *Peele* v. *Merchants' Insurance Company,* recently determined in the Circuit Court of the United States before Mr. Justice *Story.* [3 Mason, 39.] He cited also *Burnett* v. *Kensington,* 7 T. R. 210.

*Prescott* and *F. Dexter*, *contra*, referred to the same Cyclopædias and to the Encyclopædia Britannica, the Glossary in Bowditch's Practical Navigator, *p.* 235, Falconer's Marine Dictionary, and the case of *Burnett* v. *Kensington*, to show that a ship is not bilged, unless the bottom is broken or a plank started, so as to give a free passage for the water, and not merely to admit a leakage.

PARKER C. J., in giving the opinion of the Court, said they were not satisfied whether it was most proper for the Court or for the jury to determine what constitutes a bilging. The question has however, in the present case, been referred to us to decide. Several Dictionaries have been cited, the authors of which had, some of them better, and others no better means of information on the subject, than we ourselves; but we think it is to be gathered from them, that to constitute a bilging there must be a breach in the vessel, though they may differ as to the particular place which must be fractured. One of the planks of this ship is stated to have been worn almost through, but there is no evidence of an actual breach. The vessel was very much strained, and her seams opened and let in water, and water came down the mast-coats and companion way, whereby the cargo was injured, but the defendants did not undertake to indemnify the plaintiff for a partial loss happening from these causes.

We all think that there was no technical bilging proved, and that the defendants are not liable for a particular average.[1]

---

[1] See 2 Phil. Ins. *c* 18, note 4; Stevens and Benecke on Average, by Phillips, 424, note (*a*).